**2017-2289, -2351**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

CISCO SYSTEMS, INC.,

                *Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

                *Appellee,*

ARISTA NETWORKS, INC.,

                *Intervenor.*

---

ARISTA NETWORKS, INC.,

                *Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

                *Appellee*

CISCO SYSTEMS, INC.,

                *Intervenor.*

---

ON APPEAL FROM THE UNITED STATES INTERNATIONAL TRADE COMMISSION
IN INVESTIGATION NO. 337-TA-945.

---

**OPPOSITION OF APPELLEE INTERNATIONAL TRADE COMMISSION
TO MOTION TO SUMBIT AMICUS BRIEF REGARDING
ARISTA'S EMERGENCY MOTION**

Appellee International Trade Commission ("the Commission") hereby opposes the motion (ECF No. 39) of Unified Patents Inc. ("Unified Patents"), HP Inc., Hewlett Packard Enterprise Co. ("Hewlett Packard Enterprise"), Vizio, Inc., Alliance of Automobile Manufacturers, Association of Global Automakers, and Cable Technology Laboratories, Inc. (collectively, "Unified Patents Amici") to file an amicus brief regarding Appellant Arista Network, Inc.'s ("Arista's") emergency motion (ECF No. 29) to stay enforcement of the Commission's remedial orders issued in the underlying Commission investigation.

First, the Unified Patents Amici have not provided the Court with a full and accurate disclosure of their interests in this appeal. Their statement of interests in their motion states merely that "Amici share an interest in addressing the significant public interest in permitting and promoting fair and free competition." Mot. 2; *accord* Amicus Br. iv (also stating that such "public interest is disserved by enforcement of exclusionary remedies based on invalid patent claims"). Unified Patents, however, is an organization that *specializes* in filing post-grant challenges at the PTO. *See, e.g.*, https://www.unifiedpatents.com/success/ (last visited Sept. 3, 2017) ("Since 2013, Unified has filed more IPRs than all other third-parties combined and was the fourth most active petitioner of 2016."). Unified Patents, therefore, has a strong and undisclosed interest in robust enforcement of PTAB determinations in other fora. Apparently, its interest in such robust enforcement

extends to the present appeal even though: (i) in the underlying Commission investigation, the Commission reached a final judgment (final agency action) before the PTAB's decisions; (ii) the PTAB's decisions were based on different prior art and combinations of art on a different record, applying different legal standards; (iii) Congress expressly determined that cancellation from an IPR takes effect only after PTAB appeals run, 35 U.S.C. § 318(b); and (iv) the constitutionality of the *inter partes* review proceedings in question has been called into doubt by the Supreme Court's grant of certiorari in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, No. 16-712 (U.S.).  Meanwhile, Hewlett Packard Enterprise appears to have a direct and undisclosed interest in this appeal as a strategic partner with Appellant Arista, and as a distributor of the Arista switches at issue in this appeal.[1]  The failure of the Unified Patents Amici fully and accurately to disclose their interests in the present appeal is unfair to the Commission, to the Court, and to the public, and should be fatal to their motion.

---

[1] *See, e.g.*, HPE and Arista Networks Extend Their Partnership, https://news.hpe.com/hpe-and-arista-networks-extend-their-partnership/ (last visited Sept. 3, 2017) (announcing a "strategic partnership with Arista Networks" in which, "[m]oving forward, Arista will be [HPE's] preferred networking partner in Data Center Networking as an infrastructure foundation for HPE's software-defined infrastructure solutions," as well as the "the ability to purchase Arista Networks switching products directly from HPE starting November 7, 2016"); Accelerate Data Center Transformation with New HPE Arista Consulting, Support and Products, https://community.hpe.com/t5/Networking/Accelerate-Data-Center-Transformation-with-new-HPE-Arista/ba-p/6944668#.WarZnev3aK0 (Mar. 6, 2017) (discussing expansion of the strategic Arista partnership).

Second, while the Unified Patents Amici's motion expressly seeks leave to file a "brief" and attaches the proposed "brief," Unified Patents Amici fail to provide any support, including any Federal or Circuit rule of appellate procedure, regarding the propriety of their motion or their brief at the emergency motion stage. Nor do they explain why it was appropriate for their motion to be filed *when* it was, at 6:16pm on the Friday of Labor Day weekend, after all counsel for the Commission had left the office for the holiday weekend. Unified Patents Amici may have hoped to find support in Federal Rule of Appellate Procedure 29, concerning amicus briefs, which are filed "7 days after the principal brief."[2] But that rule governs amicus briefs at the merits stage, Fed. R. App. P. 29(a)(1), and this case is not at that stage, nor has any principal brief been filed. Unlike the 40 days afforded appellees to respond to a principal brief, Fed. Cir. R. 31(a)(2), the Commission's deadline to respond to Arista's emergency motion is September 8, 2017 (having been extended, precisely because of the absence of Commission attorneys during the Labor Day holiday). Principal counsel for the Commission, who is writing the Commission's opposition to Arista's motion, is away for Labor Day weekend (returning Wednesday, September 6), and the Commission's two

---

[2] *See* Fed. R. App. P. 29 advisory committee's note to 1998 amendment (subdivision (e)) ("A 7-day period is also short enough that no adjustment need be made in the opposing party's briefing schedule. The opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading. The timetable for filing the parties' briefs is unaffected by this change.").

litigation supervisors are busy helping prepare for oral arguments calendared in this Court for September 5 and 7, 2017.

Third, Arista's emergency motion deals with whether this Court should stay the Commission's remedial orders as to Arista because of later-issued PTAB invalidity determinations finding the patent claims invalid (on a different record, as discussed above). Were the Court to grant emergency relief to Arista, that relief would be personal to Arista—affecting only one exclusion order and one cease and desist order—and would have to be based principally on the irreparable harm allegedly caused to Arista and Arista's likelihood of success on the merits of this appeal of the Commission's determination. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also, e.g.*, *NSK Corp. v. USITC*, 495 F. App'x 51, 53 (Fed. Cir. 2012); *Beard v. United States*, 451 F. App'x 920, 921 (Fed. Cir. 2011). The Unified Patents Amici do not actually take any position on whether a stay should be granted in *this* appeal: instead, they make vague, generalized assertions on issues such as irreparable harm and the public interest and conclude that PTAB decisions should generally be given effect over the preceding final decisions of another tribunal. The emergency motion before the Court, however, must instead be decided based on the particular facts of the case. *See Nken*, 556 U.S. at 435 (explaining that a "stay is not a matter of right" and the "propriety of its issue is dependent upon the circumstances of the particular case") (quotations omitted);

*Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) (stating that "the traditional stay factors contemplate individualized judgments in each case").

Fourth, the Unified Patents Amici will have the opportunity to seek to file an amicus brief with the merits panel, in accordance with Rule 29, regardless of whether Arista's emergency motion is denied. Prior to Arista's filing its emergency motion, Arista sought—at the Commission—to suspend the operation of the Commission remedial orders because of the later-issued PTAB determinations. The Commission denied Arista's request on July 20, 2017. That denial, which Unified Patents Amici assert was an abuse of the Commission's discretion, Amici Br. 1, 3-8, is one of the issues that Arista will present to the merits panel. Docketing Statement of Arista Networks, Inc., No. 2017-2289, ECF No. 26 (filed Aug. 22, 2017) ("whether the Commission erred in denying Arista's petitions to suspend or temporarily rescind the limited exclusion order and the cease and desist order"); *accord* Pet. for Rev. of Arista Networks, Inc. at ¶ 10, No. 2017-2351 (filed July 27, 2017). The Commission will not oppose a timely-filed motion (after the principal brief is filed) by Unified Patents Amici to file an amicus brief should Unified Patents Amici cure the disclosure of their interests pursuant to Federal Rule 29(a)(3)(A) and otherwise comply with Federal and Circuit Rule 29.

For the foregoing reasons, the Commission respectfully requests that the Court deny the motion for leave to submit an amicus brief in support of the emergency motion.

Respectfully submitted,

/s/ Sidney A. Rosenzweig
DOMINIC BIANCHI, GENERAL COUNSEL
WAYNE W. HERRINGTON,
   ASSISTANT GENERAL COUNSEL
SIDNEY A. ROSENZWEIG,
   ATTORNEY ADVISOR

U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Suite 707
Washington, D.C. 20436
Telephone: (202) 708-2532
Facsimile: (202) 205-3111
sidney.rosenzweig@usitc.gov

*Attorneys for Appellee International Trade Commission*

Date: September 5, 2017

# **CERTIFICATE OF SERVICE**

I, Sidney A. Rosenzweig, hereby certify that the foregoing opposition was filed on September 5, 2017, using the Court's CM/ECF system, which automatically generates and sends by email a Notice of Docket Activity to all registered attorneys participating in this case.

/s/ Sidney A. Rosenzweig
Sidney A. Rosenzweig
Counsel for Appellee
U.S. Int'l Trade Comm'n

September 5, 2017